# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CR 19-3599 JAP |
| | ) |
| **JOHN YOUNGBOY LODGEPOLE** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND DEADLINES

John Youngboy Lodgepole, Defendant, by and through undersigned counsel, Melissa Ayn Morris, moves this Court to continue the jury trial currently scheduled for April 6, 2020 and to vacate and reschedule all other deadlines and settings in this matter. In support of this Motion, Mr. Lodgepole states:

1. Mr. Lodgepole pleaded not guilty to an indictment on October 28, 2019 (Doc. 15). Mr. Lodgepole is charged by indictment with the following: one count of Voluntary Manslaughter (in violation of 18 U.S.C. §§ 1153 and 1112).

2. The trial in this matter is currently scheduled for April 6, 2020, on a trailing calendar.

3. Mr. Lodgepole respectfully requests a continuance to complete several tasks that are vital to his defense. Specifically, Mr. Lodgepole requests an additional ninety days from the current setting to prepare for trial. Ninety days is the

minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.

4. A continuance of ninety days is necessary for counsel to complete the following tasks:

   A) To allow time for the defense to conduct an adequate investigation, including potentially hiring an expert witness to review and opine on the medical evidence.

   B) To enter into plea negotiations with the government. The parties have not begun to discuss the possibility of resolving this case. Undersigned counsel believes the parties may be able to resolve this matter short of trial, but cannot engage in meaningful plea negotiations until defense investigation tasks are complete. Mr. Lodgepole cannot make an informed and meaningful decision on whether to enter a guilty plea or proceed to trial until defense investigation tasks are complete.

   C) Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to potentially obtain expert witnesses for trial; and c) to file pretrial motions.

5. Mr. Lodgepole requests a continuance of trial of no less than 90 days from the current setting. Counsel believes that length of time to be the minimum needed to thoroughly review discovery, to conduct investigation, to enter into plea negotiations with the government, to file pretrial motions, to accommodate

counsel's scheduling conflicts to ensure that Mr. Lodgepole receives effective assistance of counsel and is accorded due process.

6. Mr. Lodgepole's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Lodgepole will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

7. Under the Speedy Trial Act, a trial must commence within seventy days of the Defendant's first appearance in District Court, the filing of an Information, or the return of an Indictment, whichever is later. 18 U.S.C. § 3161, subd. [c][1]. Some delay can be excluded from this seventy-day requirement if the Defendant files pre-trial motions, if the Defendant is subjected to other, related proceedings, or if the District Court determines that the ends of justice will be served by granting the requested continuance. 18 U.S.C. § 3161, subd. [h][1][D], [h][1][B] and [h][7][A]. However, in order to justify a continuance based on the ends of justice, the record must contain a detailed explanation for why the mere

occurrence of the event identified by the party seeking a continuance results in the need for additional time. *United States v. Toombs*, 574 F. 3d 1262, 1271 (10th Cir. 2009).

8. Counsel for the parties agree that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice will be served by vacating the jury trial of April 6, 2020 and by continuing the trial and all other deadlines for ninety days in order to provide counsel for the Defendant sufficient time to review discovery, conduct investigation, file any necessary motions, meet with Defendant and enter into plea negotiations with the government. Mr. Lodgepole respectfully submits the need to provide the parties with sufficient time to complete the defense investigation and prepare an adequate defense outweighs the best interests of the public and the Defendant to a speedy trial.

9. Mr. Lodgepole agrees with the continuance and that the period of delay should be excluded from the time limitations set forth within 18 U.S.C. § 3161 (c)(1), and he will not be prejudiced by this continuance. Additional time will not prejudice Mr. Lodgepole and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Lodgepole his rights under the Speedy Trial Act and Mr. Lodgepole understands the need for a continuance and respectfully requests that the Court continue his trial for the ninety days requested by counsel.

10. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of

the trial. See *United States v. Hernandez-Meijia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Untied States v. Toombs*, 574 F. 3d 1262, 1272 (10th Cir. 2009)). Additional time will allow the defense time to conduct a thorough review of all the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could materially benefit Mr. Lodgepole by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

11. Counsel for the government, Raquel Ruiz-Velez, does not oppose this motion.

WHEREFORE, Mr. Lodgepole, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed March 6, 2020*
/s/ Melissa A. Morris
Assistant Federal Public Defender
melissa_morris@fd.org

5