IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Cr. No. 19-3599 JAP |
| vs. | ) ) | |
| **JOHN YOUNGBOY LODGEPOLE**, | ) ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America respectfully requests that this Court accept the Fed. Crim. P. Rule 11(c)(1)(C) Plea Agreement (hereinafter "Plea Agreement") and to sentence Defendant to 84 months of imprisonment, followed by three years of supervised release. In support thereof, the United States submits the following:

PROCEDURAL BACKGROUND

On August 2, 2019, a criminal complaint was filed charging Defendant with murder, a crime that occurred in Indian country, in violation of 18 U.S.C. §§ 1153,1111. Doc. 1. On October 9, 2019, a federal grand jury returned an Indictment charging Defendant with voluntary manslaughter, in violation of 18 U.S.C. §§ 1153 and 1112. Doc. 4. On November 3, 2020, Defendant pleaded guilty to the Indictment, with the benefit of a plea agreement. Doc. 38.

The Presentence Investigation Report ("PSR") was disclosed on February 5, 2021. Doc. 40. According to the PSR, Defendant's total offense level is 26. PSR ¶ 35. Defendant's criminal history category is III. PSR ¶ 41. A total offense level of 26 and a criminal history category of III result in a guideline imprisonment range of 78-97 months. PSR ¶ 73. The United States has no objection to facts, calculations or analysis contained in the PSR.

SENTENCING ARGUMENT

A. Rule 11(c)(1)(C) Plea Agreement

The United States respectfully requests the Court to accept the Plea Agreement and sentence Defendant to 84 months of imprisonment. In consideration of acceptance of Defendant's Plea Agreement, the United States asks the Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement. "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 566 U.S. 134, 144 (2012). Parties in a criminal case must assess the likely outcome of motions and trial practice. Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement. Likewise, the government must weigh the public and the victim's interest against the risks of proceeding to trial.

The parties have carefully weighed the evidence and their options, and ask this Court to accept the negotiated Plea Agreement. The benefit to Defendant is that it reduces his exposure to incarceration. The benefit to the government is the certainty this agreement provides and the finality it gives to the victim's family.

B. Sentencing Factors

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. *See United States v. Booker*, 543 U.S. 220 (2005). Among other factors, a court must consider the nature of the offense, need for adequate deterrence and to reflect the seriousness of the offense, and the applicable sentencing guidelines. 18 U.S.C. § 3553(a).

1.  **The Nature and Circumstances of the Offense**

Defendant's conduct during the instant offense was extremely violent. His heinous conduct is described in the PSR and the description of the offense conduct is incorporated here. PSR ¶¶ 9-18. *See also* description of offense conduct in paragraph 15 of the PSR. It should be noted that Defendant's conduct has greatly affected Jane Doe's parents, who are "emotionally hurting from what occurred." PSR ¶ 21.

2.  **The History and Characteristics of the Defendant**

Although Defendant's criminal history is not extensive, his criminal history category is III, which is a significant criminal history category for a 22-year-old individual. PSR ¶¶ 41-42. Defendant committed the instant offense while on probation. *See* PSR ¶¶ 40, 89. He also has a history of violence and a history of substance abuse. PSR ¶¶ 38, 59-62. On June 11, 2020, corrections officers discovered 12 strips of suboxone in Defendant's incoming mail. PSR ¶ 45. This shows that Defendant's substance abuse problems have continued while incarcerated. PSR ¶ 89.

3.  **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant**

A sentence of 84 months of imprisonment would reflect the seriousness of the offense and provide adequate deterrence. Deterrence includes both general deterrence and specific deterrence. *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006). While general deterrence's goal is to "deter others from committing the same crime by demonstrating its disadvantageous consequences," specific deterrence's goal is "to incapacitate the wrongdoer, so as to protect society from further criminal activity." *United States v. Irey*, 612 F.3d 1160, 1227

(11th Cir. 2010).  As a general deterrent, a sentence of 84 months of imprisonment would demonstrate to others the disadvantageous consequences of committing the crime at issue here.  As a specific deterrent, Defendant will be deterred from similar criminality.  Furthermore, a sentence of 84 months of imprisonment, followed by three years of supervised release, would protect the public from further crimes of Defendant.

> 4. **The Kinds of Sentences Available and the Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant**

One of the § 3553(a) factors that the Court must consider is the sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant.  The Supreme Court has recognized that even in the post-*Booker* world "the [Sentencing] Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise . . .'" *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007).  "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve 3553(a)'s objectives.'" *Id.*

A sentence of 84 months of imprisonment is a sentence within Defendant's calculated guideline range.  *See* PSR ¶ 73.  Thus, this term of imprisonment is an approximation of a sentence that is intended to achieve the sentencing goals.  As such, a sentence of 84 months of imprisonment would reflect the factors set forth in 18 U.S.C. § 3553.

## CONCLUSION

Wherefore, for the foregoing reason, the United States respectfully requests the Court to accept the Plea Agreement and sentence Defendant to a term of imprisonment of 84 months, followed by three years of supervised release. The United States submits that this sentence is "sufficient, but not greater than necessary, to comply with the [sentencing] purposes." 18 U.S.C. § 3553.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed 2/26/2021*
RAQUEL RUIZ-VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 26th
day of February, 2021 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/*_____
Raquel Ruiz-Velez
Assistant U.S. Attorney